## Case No. 10,754.

### In re PARKES et al.

[10 N. B. R. (1874) 82.] [1]

District Court, E. D. Michigan.

BANKRUPTCY — AMENDMENT OF PROOF BY CREDITOR—SECURITY—DISCRETION OF COURT—ERROR TAINTED WITH FRAUD.

1. A party, holding security, proved as an unsecured creditor, after receiving a dividend, moved to amend his proof, because of his ignorance of the law at the time of first proving his claim. Held, the bankrupt court possesses discretionary power as to allowing proofs of debt to be amended.

[Cited in Re Baxter, 12 Fed. 75.]

2. This power will generally be exercised in cases of mistake or ignorance either of fact or law, in the absence of fraud, when all parties can be placed in the same position they would have been if the error had not occurred.

3. Where the error is tainted with fraud, however slight, and all parties cannot be placed in the same position as if the error had not occurred, the court will allow the burden to fall upon him who committed the error rather than upon the innocent.

4. A secured creditor may vote for assignee on so much of his debt as is unsecured, where the security applies only to a specific portion of his debt.

[Cited in Re Hunt, Case No. 6,884.]

On the petition of Moore, Foote & Co., creditors, for leave to amend their proof of debt, the answer of Edward E. Kane, assignee, and proofs. These creditors, who were wholesale dealers in groceries in Detroit, proved a debt against the estate for upwards of four thousand nine hundred dollars, being a ledger balance against the bankrupts [John F. and Charles R. Parkes] at the time of the bankruptcy, growing out of a long

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1] [Reprinted by permission.]

course of dealing between the parties; one thousand dollars of this indebtedness was secured by a mortgage given by the bankrupts upon certain land in Iosco county in this state. No mention of this security was made in the proof of debt, and the debt was proven as an entirely unsecured debt, and the creditors have received a dividend thereon accordingly. The land covered by the mortgage has been sold by the assignee, subject to the mortgage, for more than the incumbrance, and he has received the surplus of the purchase-money after deducting the amount then appearing to be due upon the mortgage for principal and interest. This being the state of the case, Moore, Foote & Co. now ask leave to amend their proof of debt so as to set up the aforesaid mortgage, on the ground that they were ignorant of the legal necessity of setting up the same when they made their original proof of debt. This is opposed by the assignee.

Meddaugh & Driggs, for petitioner.

Edward E. Kane, assignee, in person, opposed.

LONGYEAR, District Judge (after stating the facts as above). The court undoubtedly possessed the power, in its discretion, to allow proofs of debt to be amended; and in cases of mistake or ignorance, whether of fact or of law, will generally exercise that power in the absence of fraud, and when all parties can be placed in the same situation they would have been in, if the error had not occurred, and where justice seems to demand that it should be done. In re Brand [Case No. 1,809]; In re Montgomery [Id. 9,-730]; In re Clark [Id. 2,806]; In re Jaycox [Id. 7,242]; In re Hubbard [Id. 6,813]. But where the proceeding is in any manner tainted with fraud, or where the creditor has gained any permanent advantage by the omission, or the estate has been permanently injured thereby, the creditor guilty of such omission will be left where his own act has placed him. Stewart v. Isador [5 Abb. Prac. (N. S.) 68]; In re Jaycox, supra.

That proof of debt as unsecured, is prima facie an extinguishment of any security held for the same, and that the same may ripen into a conclusive extinguishment, is too well settled under our act as well as under the English act, to need discussion here. See Stewart v. Isador, supra, where the authorities up to that time, English and American, are collected; also, In re Bloss [Case No. 1,562], and cases cited. And that such would be the ultimate effect of the proof of debt in this case if not amended, does not admit of doubt. The simple question, therefore, is, whether this is a case in which the court, in its discretion, will allow that effect to be avoided by allowing the proof of debt to be amended as prayed.

That Moore, Foote & Co. did not intend to relinquish the security in question, I think is amply apparent from the proofs, and that

no fraud on the other creditors was intended, and that mention of the security was omitted in the proof of debt by a want of knowledge of what the law required in that respect, is equally apparent. The member of the firm who made the proof was certainly very careless in subscribing and swearing to the proof of debt with the ordinary statement in it that the firm held no security, without observing it, and for which he ought not to be entirely excused; but that he did not observe it, or if he did that it did not attract his attention as being contrary to the fact, fully appears from his testimony. Aside from this circumstance, and I am not prepared to hold that it is alone sufficient to deprive the firm of any relief they might otherwise be entitled to, I think this case one in which justice requires that the creditors should be allowed to amend their proof of debt so as to avoid the loss of their security, unless the matter has arrived at a stage in which such a course must result in injury to others.

The only ground upon which it is contended injustice to others would result from allowing the amendment, is, that Moore, Foote & Co. have received a dividend upon their entire debt, including that which was secured. That would be a valid objection if it could not be remedied at the same time the amendment should be allowed. But such is not the case; the matter is not yet closed, and there is at least another dividend yet to be made. Therefore, by making it a condition of the right to amend, that they shall refund to the assignee so much of the dividend received by them as was applicable to that portion of the debt which was secured, with interest, and pay the costs of this proceeding, equal justice will be done to all concerned. It does not appear whether Moore, Foote & Co. appeared at the first meeting of creditors and voted for assignee or not, and no complaint is made on that account. But even if they did so appear and vote, the only complaint that could be made in this case would be that they voted on too large an amount, and that such vote affected the result if such was the case; because, if the fact of the security had been stated in the proof of debt the secured portion of the debt only would have been rejected, and they would have been allowed to vote as general creditors for the residue. This is a case in which a specific portion or amount of the debt is secured, and therefore not like a case in which the security covers the entire debt, but is insufficient in amount. In this case the debt secured can be separated from the entire debt at once. In the other it could not be, and the creditor could not be admitted to take part and share in the proceedings, until the security had been realized in one of the modes prescribed by section 20 of the act, and the residue thus determined.

An order must be made allowing Moore, Foote & Co. to file an amended proof of debt

as prayed, on condition that they first repay to the assignee such portion of the dividend received by them applicable to the portion or amount of their debt secured by the aforesaid mortgage, to be computed and ascertained by the register in charge of this matter, and also the costs of this proceeding, including a solicitor's fee of twenty dollars, to be taxed; and further directing, that upon such amended proof being made, the amount of their debt, as heretofore proven, be abated by deducting therefrom the amount which the assignee received, less the price for which he sold the mortgaged property on account of the mortgage, to be ascertained and determined by the said register; and that the said Moore, Foote & Co. be admitted as general creditors for, and hereafter be entitled to receive dividends upon, the residue only of their aforesaid debt, after such abatement shall have been made.

[NOTE. The bankruptcy of J. F. and C. R. Parkes was again before the court in an action by Edward E. Kane, assignee, against William Jenkinson, to recover certain moneys paid by the bankrupts to Parkinson. Case No. 7,607. The assignee also brought trover against Delos E. Rice to recover certain lumber and other property. Id. 7,609.]