## Case No. 6,813.

### In re HUBBARD.

[1 Lowell, 190; [1] 1 N. B. R. 679.]

District Court, D. Massachusetts. Dec., 1867.

BANKRUPTCY—PROOF OF DEBT—MISTAKE—LEAVE TO WITHDRAW.

1. A creditor who has proved his debt in bankruptcy may be permitted to withdraw his proof if it was made under a mistake of fact or law.

[Cited in Re Parkes, Case No. 10,754; Re Baxter, 12 Fed. 75.]

[Cited in Re Burgess, 83 Me. 343, 22 Atl. 222; Nichols v. Smith, 143 Mass. 462, 9 N. E. 810.]

2. Leave to withdraw will usually be granted where the withdrawal will restore all parties to the position they were in before the proof was made; but not if intervening rights will be affected.

[Cited in Re Phillips, Case No. 11,098.]

In bankruptcy. [In the matter of Edward Hubbard, Jr.] In this case certain creditors proved their debts at the first meeting, on the twenty-fifth of November, and on the twenty-first of December they filed a petition before the register to be allowed to withdraw their proofs of debt from the files, for the reason that, since proof had been made, they had discovered that a certain person named was a dormant partner with the bankrupt, and was solvent; that they could not by due diligence have discovered this fact earlier; and alleging that they had discontinued all suits against the bankrupt himself. The register certified to the judge the question whether the petition ought to be granted.

LOWELL, District Judge. Where proof has been made under a mistake of fact, or even of law, it may be corrected, almost as a matter of course, if neither the bankrupt nor other creditors who have proved will be injured. And even where the rights of others will be affected, if the only effect is to restore all parties to the position they were in before the debt was proved, it would be proper to allow the withdrawal if there had been a mistake, and no want of diligence. In the only case in which I have refused such a petition, the creditor, by proving his debt, had relieved an attachment by trustee process, and the garnishee had in good faith paid over the funds to the assignee. Although I did not believe that any court would hold the lien to be revived by the creditor's withdrawing his proof, yet it was not right to permit such a question to be even mooted.

Under our practice an order of this kind may be passed by the register, if after due notice, no opposition is made; otherwise by the court. The decisions on the question are Morse v. Lowell, 7 Metc. [Mass.] 152;

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

Ex parte Harwood [Case No. 6,185]; Bemis v. Smith, 10 Metc. [Mass.] 194; Safford v. Slade, 11 Cush. 29; Beverly Bank v. Wilkinson, 2 Gray, 519. Leave to withdraw proof granted.