MITCHEL (CASTOR v.). See Case No. 2,507.

MITCHEL (VAN METER v.). See Cases Nos. 16,864 and 16,865.

MITCHEL (VEIL v.). See Case No. 16,908.

## Case No. 9,656.

In re MITCHELL et al.

[3 N. B. R. 441 (Quarto, 111).] [1]

District Court, D. Massachusetts. 1869.

BANKRUPTCY—PARTNERSHIP—PART OF FIRM PETITIONING.

1. A firm, originally composed of three members, was dissolved by the withdrawal of one. The two remaining members, constituting a new firm, subsequently filed their petition in bankruptcy. Upon objection being made by the member of the firm who had withdrawn, it was *held*, that the court has jurisdiction of the petition of the two parties, though the firm may have been composed of three.

[Explained in Re Wallace, Case No. 17,095.]

[2. Cited in Re Redmond, Case No. 11,632, to the point that a conveyance by one partner of his individual property, although an act of bankruptcy as against him, will not sustain a proceeding in bankruptcy as against the firm, even though such conveyance was made with intent to hinder, delay, or defraud firm creditors, or with a view to give a preference to a firm creditor. In such case this proceeding must be against such partner alone.]

[In the matter of T. P. Mitchell and others, bankrupts.]

[1] [Reprinted by permission.]

LOWELL, District Judge. The bankrupts were partners in trade under the firm name of Mitchell & Moulton, before November, 1868, and contracted debts which are yet unpaid. In that month they made a new firm by joining with them one George W. Duncan, under the style of Mitchell, Moulton & Co. The firm lasted about two months, when Duncan retired and assigned all his interest in the joint business and effects to Mitchell & Moulton, and they undertook to pay all the joint debts and save Duncan harmless therefrom; and they gave him a mortgage for one thousand dollars on the machinery and fixtures of the late firm, as security for the performance of this undertaking. Mitchell & Moulton continued to be associated together until they lately filed their joint petition in bankruptcy in the usual form as copartners. Their schedules show debts of the first firm of Mitchell & Moulton, and debts of the second firm of Mitchell, Moulton & Co., and none of the last firm. The only joint assets are the machinery and fixtures, valued at three thousand dollars, and mortgaged to Duncan, as before noticed, for one thousand dollars. George W. Duncan appeared before the register and objected to his proceeding with the cause; and the register has certified the facts to me, and a brief has been submitted in support of the objections. The point taken is that the court has no jurisdiction of a petition by two partners of a firm of three. I suppose the register had grave doubts of the jurisdiction, or he would not have certified the case to me. It was not a question arising in the course of the proceedings, but a suggestion by an amicus curiae going to defeat the suit entirely; and as such, proper enough to be certified on the responsibility of the register. It is the first time I ever heard that a member of a firm cannot commit a separate act of bankruptcy and become bankrupt without joining his copartners, which appears to be the substance of the objection intended to be taken. But that point does not really arise here, because the bankrupts were partners under the firm of Mitchell & Moulton, and as such have the right to file a joint petition. If they were likewise partners with Duncan in another firm, and he shall apply to have that firm adjudged bankrupt, I suppose the court would have power to consolidate the suits, if expedient, or in some other appropriate way to arrange that the greatest convenience to creditors should be arrived at with the least expense. He has not done this, and does not even allege that he is bankrupt. As regards the injustice that it is said the creditors of Mitchell, Moulton & Co. will suffer if these proceedings are carried on, I am entirely unable to discover it. The rights of all classes of creditors are the same under all forms of proceedings; and, in fact, these creditors appear to have a substantial advantage, because they are secured to the extent of one thousand dollars, which amounts to about fifty per cent. of their debts. The cause is to proceed forthwith before the register.