quested to be certified to the judge for his opinion, which is hereby done.)

BLATCHFORD, District Judge. The questions must be answered. The clerk will certify this decision to the register, Isaac Dayton, Esq.

## Case No. 2,806.

### In re CLARK et al.

[5 N. B. R. 255.] [1]

District Court, S. D. New York. April 25, 1871.

BANKRUPTCY—PROOF OF CLAIM BY SECURED CREDITOR.

Where a creditor who has ample security for his claim makes proof of the same, without mentioning the security, through inadvertence and ignorance of the law, an order will be entered granting to the said creditor leave to withdraw his proof and restoring to him his rights as though no proof had been filed.

[Cited in Re Hope Min. Co., Case No. 6,-681; Re Parkes, Id. 10,754; Re Baxter, 12 Fed. 75.]

[On certificate of I. T. Williams, Register:]

The undersigned register to whom the above entitled case is referred, respectfully reports and certifies to this honorable court: That John Byrne, by his attorney in fact, on the seventeenth day of January, eighteen hundred and seventy, made proof in due form of law, before me, of his claim against the estate of said bankrupts for the sum of six thousand seven hundred dollars, without making any reference to any security held therefor. That afterwards and on the thirtieth of March, eighteen hundred and seventy-one, the said John Byrne filed his petition before me which is hereto annexed, from which it appears that he has ample security for his claim, and that the proving thereof was made and filed through inadvertence or ignorance of his attorney of the fact that any security was held therefor, praying for leave to withdraw his said proof, and that he be restored to his rights in all things as if no such proof had been made or filed. That notice of the filing of said petition was given to the assignee in these proceedings who thereupon appeared before me and objected to the granting of the prayer of the said petition, on the ground that the said security had been by the making and filing of said proof waived, and that the estate had thereby assumed rights which he did not feel at liberty to relinquish. Whereupon I hereby certify the issue so framed to this court for decision. And I further certify and report that I am perfectly satisfied that the said proof was made and filed solely through inadvertence and in ignorance of the law, or of the facts of the case on the part of the said attorney who made the same, and that the said petitioner, had he known the facts and law, would not have made or filed the said proof. Wherefore I recommend to this honorable court that an order be entered giving leave to said petitioner to withdraw his said proof, and that he be in all things restored to his rights as though no proof of claim had been made or filed.

BLATCHFORD, District Judge. An order to the effect recommended by the register should be entered.

## Case No. 2,807.

### In re CLARK et al.

[6 N. B. R. 194.] [1]

District Court, S. D. New York. Nov. 11, 1871.

POWER OF REGISTER IN BANKRUPTCY — INFORMATION FROM ASSIGNEE—CALLING MEETINGS.

1. The register in charge has power to order an assignee to furnish him with all necessary information as to funds in his hands.

2. A third meeting of creditors—not being a final meeting—should not be called except for cause shown, and if the register be satisfied that no such cause exists, he is justified in refusing to grant the order for such a meeting.

[On certificate of I. T. Williams, Register:]

I, the undersigned register in charge of the above entitled proceedings, do hereby certify to this court, that I did, on the twenty-seventh day of October, eighteen hundred and seventy-one, receive from the assignee in this case a request to call a third meeting of creditors. That, as the said request did not state the reasons why such a request was made, I applied to the said assignee by letter, dated the thirty-first day of October, eighteen hundred and seventy-one, to call at my office and confer with me upon the subject of such application. That I received in reply thereto a letter from Messrs. Bangs, Sedgwick & North, "attorneys for the said assignee, pro hac vice," bearing date first November, eighteen hundred and seventy-one, which is herewith submitted. That, upon an examination of the accounts of said assignee on file in my office, I find, so far as I can understand the same, that no funds have been received since the last dividend meeting of the creditors held on the twenty-ninth day of March, eighteen hundred and seventy-one, at which meeting a dividend of six per cent. was duly declared and paid—save the sum of ninety-seven dollars and forty-one cents, which appears to be the amount of interest which has accrued upon the sum of eight thousand eight hundred and twenty-six dollars and seventy-six cents, which is now and was, as I understand, on deposit in the United States Trust Company at the time of the said last dividend meeting, and is not yet in a condition to be divided among the creditors. In doubt whether any further sums were in the hands of the said assignee and uncertain if the

[1] [Reprinted by permission.]

[1] [Reprinted by permission.]