CHARLES H. NICHOLS, assignee, *vs.* WILLIAM SMITH & another.

WILLIAM SMITH & another *vs.* CHARLES H. NICHOLS, assignee.

Suffolk. Nov. 19, 1886. — Jan. 28, 1887. HOLMES & GARDNER, JJ., absent.

If a creditor of an insolvent debtor, who holds security which comes within the terms of the Pub. Sts. c. 157, § 28, inadvertently and by mistake, either of law or fact, proves his whole debt against the insolvent estate without disclosing his security, and, before he has derived any advantage or the other creditors have suffered any detriment from his act, takes proper measures to waive his proof and to pursue his rights as a secured creditor according to the statute, he does not waive his security, and the unsecured creditors do not acquire an equitable right to it which can be enforced by the assignee of the estate.

THE FIRST CASE was a bill in equity, filed March 19, 1886, by the assignee of Michael H. Brennan, an insolvent debtor, to recover possession of five shares of the capital stock of the Phœnix Brewing Company, alleged by the assignee to be illegally withheld from him by William Smith and Robert S. Engle, copartners under the firm name of Smith and Engle.

THE SECOND CASE was a petition, filed May 3, 1886, by Smith and Engle, to revise a decree of the judge of insolvency refusing the petitioners permission to expunge a portion of their proof of claim in the insolvency proceedings of said Brennan.

The cases were heard together by *Holmes*, J., and reported for the consideration of the full court, in substance as follows:

M. H. Brennan filed a voluntary petition in insolvency on October 12, 1885, and, with said petition, an offer of composition. On said day Smith and Engle were creditors of Brennan to the amount of $440, of which $200 was secured by the pledge to them of said five shares of the Phœnix Brewing Company's stock. On November 11, 1885, Robert S. Engle went to the office of the counsel of Brennan, and there signed and swore to the proof of the claim of Smith and Engle against Brennan's estate, which proof had been made out by the attorney of Brennan for the whole amount of Smith and Engle's claim against Brennan, without reading said proof and without seeing what

was the amount of the claim inserted in the proof, said proof of claim being made in the form provided by statute, and containing the clause that the creditor had no security for said sum or for any part of said sum. Engle knew, at the time he made said proof of claim, that Smith and Engle held said five shares of stock as security for $200 of their claim.

Smith and Engle voted upon the sum of $440 for the acceptance of Brennan's offer of composition, as did all the creditors of Brennan who had proved their claims at the time said offer was confirmed, being twenty-three in number, and $8000 in amount; but said offer of composition was never carried out. Smith and Engle voted upon the sum of $440 for the election of said Nichols as assignee; and the result of the vote for assignee would have been the same whether Smith and Engle had abstained from voting or had voted against the election of Nichols. Smith and Engle had no fraudulent intent.

Smith and Engle, on March 22, 1886, duly petitioned the judge of insolvency for leave to expunge their proof of said $200 of their claim; * but the judge of insolvency, after hearing, refused to allow them to expunge said proof, and dismissed their petition.

---

* The answer in the first case and the petition in the second case alleged that, on March 30, 1886, the creditors filed in the court of insolvency an amended petition for leave to expunge from their proof of claim the sum of $200, and also filed a renunciation under seal of all and any rights they might have acquired by reason of having proved said secured sum of $200. A copy of this instrument was annexed to both the answer and the petition, and is here printed, since it is referred to in the opinion, although not in the report, and is as follows:

" Commonwealth of Massachusetts.
" Suffolk, ss.                                      Court of Insolvency.
" In the matter of Michael H. Brennan, an insolvent debtor,  ·
" William Smith and Robert S. Engle, copartners in business in Boston in said county under the firm name of Smith & Engle, who proved a claim of four hundred and forty dollars against said debtor on the 12th day of November, 1885, now withdraw and waive the proof of two hundred dollars of said amount so proved as aforesaid, to all legal and equitable intents and purposes, as fully as if the said amount of two hundred dollars had never been included in said proof.

" Dated at Boston the 29th day of March, 1886.
                              " William Smith.     [Seal.]
                              Robert S. Engle.   [Seal.] "

The third meeting of the creditors of Brennan took place on May 14, 1886, and no dividend has been declared in said case. Brennan has not received his discharge, nor have Smith and Engle voted upon or given their assent to his discharge.

The court was to make such order as might be required.

*J. W. Keith,* for Nichols.

*F. Paul,* for Smith and Engle.

W. ALLEN, J. In proceedings under the insolvency law, when a creditor has a pledge of property of the debtor for securing the debt, the property shall, if the creditor requires it, be sold and the proceeds applied towards the payment of the debt, and the creditor may prove for the residue; or he may release and deliver up the property to the assignee, and prove for the whole debt. " If the property is not so sold, or released and delivered up, the creditor shall not be allowed to prove any part of his debt." Pub. Sts. *c.* 157, § 28.

Smith and Engle, their security not having been sold or surrendered to the assignee, had no right to prove the secured debt, and it should be expunged, unless the assignee can treat their act as a conclusive election to prove the debt, and as a waiver of the security and an equitable release of it to him. We think that they have done nothing which amounts to a waiver of their security, or which binds them as an election to prove their debt, or estops them from claiming to hold their security. They made proof of their debt, and, on its allowance, voted for assignee, but the result of the vote was the same that it would have been had they not voted. The proof was made inadvertently. It was made out, in the statutory form, by the counsel of the debtor, and was signed and sworn to by the creditor, without reading it or seeing the amount of the claim inserted in it. The creditors duly petitioned the Court of Insolvency for leave to withdraw the proof, and filed in that court a written withdrawal and waiver of it. They did not intend to waive their security, nor consciously elect one of two remedies. They have done nothing to change the condition of the assignee or of the other creditors. On the withdrawal of the proof by leave of court, all parties will be as they would have been had no proof been made, if that is not the effect of the waiver and withdrawal of record by the creditors themselves.

*Morse* v. *Lowell*, 7 Met. 152, was a case in which a city, having a fiduciary claim, had proved the claim in bankruptcy for the purpose of opposing the discharge of the debtor, and was allowed by the United States District Court to withdraw its proof. The debtor obtained a discharge, and it was held by this court that the debt was not discharged. Chief Justice Shaw says : " The present was a case of election of remedies for the same right — the security and collection of a debt; and we are of opinion that the defendants, when by leave of court they withdrew their claim under the commission, had not passed the stage at which they had a right to make their election." See also *Watson* v. *Phœnix Bank*, 8 Met. 217.

*Bemis* v. *Smith*, 10 Met. 194, was an action by an assignee under the insolvent law of 1838, on a demand due to the insolvent, in which the defendant filed in set-off a debt due to him from the insolvent. The defendant had proved his debt at the first meeting of the creditors, and presented a petition at the second meeting to have his claim expunged that he might set it off against the debt due from him, and at an adjournment of that meeting he filed a written withdrawal and waiver, substantially in the form used in the case at bar. The master dismissed the petition. At the third meeting, a dividend was ordered to the creditors, including the defendant, which the defendant refused to receive, and it remained in the hands of the assignee. It was held that he might set off the debt. The court said, " It has been argued, that the defendant, by proving his debt in part before the master, is precluded from his claim of set-off, as to the part so proved. But we think otherwise. He acted unadvisedly in proving his claim before the master; but he has withdrawn that claim, so far as he was allowed so to do ; and there seems to be no good reason why his legal and equitable rights should be barred by a mere mistake."

In *Cook* v. *Farrington*, 104 Mass. 212, it was decided that a mortgagee of personal property, who had proved his debt in bankruptcy without disclosing his security, was not barred from claiming the property against a second mortgagee.

The effect of proof of a debt, in proceedings under the insolvent law, by a secured creditor who has not surrendered his security, is considered, and many cases relating to it are cited, in

*Franklin County Bank* v. *Greenfield Bank*, 138 Mass. 515. The court say, on p. 523 : " On equitable principles, under the English and United States bankruptcy laws, which contain statutory provisions similar to those in our statutes, it has been held that, if a creditor prove his debt without disclosing his security or without surrendering it, and act upon his proof in such a manner that the rights of other creditors have been impaired, the creditor may be considered to have waived his security. This court has held the same doctrine when the security was not within the statute, and may perhaps hold it, if the security is within the statute, in cases where expunging the proof would not be an adequate remedy."

We see no reason why the same equitable principles, as to the effect upon the security of proof in full of a secured claim without giving up the security, should not be applied when the security is within the terms of the statute, as are applied when the security is held not to be within the statute, — as when it consists of property not belonging to the insolvent, or of property of the insolvent held as security by one jointly liable with him on the debt proved. In both cases, the right which the assignee or general creditors acquire is an equitable right, to be determined on equitable principles. In the one case, the statute provides that the creditor shall not be allowed to prove his debt, but does not prohibit him from offering proof, nor impose a penalty for so doing ; in the other case, the court will not allow the debt to be proved when the security is within the control of the creditor. *Lanckton* v. *Wolcott*, 6 Met. 305. *Richardson* v. *Wyman*, 4 Gray, 553. And it is suggested in *Franklin County Bank* v. *Greenfield Bank*, *ubi supra*, that the same rule should be applied when the right to the security is merely equitable and contingent, as when a solvent accommodation indorser for the insolvent holds a mortgage from him as indemnity, and has not paid the debt. The same rule is applied in administering insolvent estates of deceased persons in the Probate Court. *Bristol County Savings Bank* v. *Woodward*, 137 Mass. 412.

The oath required by the statute is the form prescribed for all cases in making proof of a claim, and of itself can be no more than a declaration, which, if not acted on, may be contradicted or explained. We are not considering the effect upon a petition

to withdraw the claim, or upon the rights of other parties in the security, of such evidence of an intentional waiver of the security and election to prove the whole debt as might be afforded by the oath and proof deliberately made, in view of all the facts and with full apprehension of the meaning and effect of the act. In the case under consideration, the creditor did not intend to give up his security, and, if he has lost it, it is because his acts in reference to it estop him to claim it as against the assignee. To work an estoppel, some right of the assignee or of creditors whom he represents must have been impaired by the acts of the secured creditors 'in relation to their debt or to the security. The acts which are relied on as having that effect are the proof of the debt and the voting for assignee.   Neither of these affected injuriously the rights of the assignee or of creditors.   In *Hooker* v. *Olmstead*, 6 Pick. 481, which arose in the settlement of the insolvent estate of a deceased person, the creditor not only proved his debt, but took his dividend upon the whole amount; and the court said, "Inasmuch as the creditor filed his claim generally with the commissioners, and a distribution was decreed upon an allowance of the whole claim, we think he waived his right under the mortgage."

In *New Bedford Institution for Savings* v. *Fairhaven Bank*, 9 Allen, 175, certain creditors, who had security not within the statute, proved the whole amount of their debt, voted for assignee, and assented to the discharge of the debtor, and thereby secured his discharge.   The judge of insolvency afterwards, on their petition, ordered the claim to be stricken out; they then petitioned to have the security sold and the proceeds applied upon their debt, and that they should be admitted to prove for the balance.   The proceeding in this court was in the nature of an appeal, by an unsecured creditor who had proved his debt, from the decree of the judge of insolvency granting this petition. The court reversed the decree, for the reason that the creditors "first proved their debts, and then made use of their position as creditors to vote for the discharge of the debtor, and that they have thereby affected the rights of the plaintiff injuriously;" that acquiring the power to control the vote on the discharge, and exercising the power, and procuring a valid discharge, was a material interference with the rights of the other creditors.

The effect of the vote for assignee, which controlled the choice, was not set up in the bill, nor considered by the court.

In *Franklin County Bank* v. *Greenfield Bank, ubi supra,* the plaintiff and the defendant, two creditors of an insolvent debtor, had the same equitable security, not within the statute. The plaintiff proved its debt in full, against objection, and voted for and controlled the choice of assignee; the defendant did not prove, but procured an order that the property should be sold, and the proceeds applied on its debt, and that it might be admitted as a creditor for the balance; the property was sold accordingly, and it was ordered that the proceeds should be paid to the defendant, and that it should be admitted to prove for the balance. The plaintiff sought to revise this decree of the Court of Insolvency, asking that it might be admitted to share in the proceeds, or that they might be distributed for the benefit of the general creditors. The principal question was, whether the plaintiff, by proving its debt, and voting for and controlling the choice of the assignee, had waived its right to the security, or estopped itself from asserting it; and it was held that it had not, and that it was entitled to share in the proceeds.

That the right of the creditor to the security is affected by the use which he makes of the proof, rather than by the fact that the debt is proved, is illustrated by the consideration that, in *New Bedford Institution for Savings* v. *Fairhaven Bank, ubi supra,* where the creditors lost their security, the proof was expunged by order of the judge of insolvency; and in *Franklin County Bank* v. *Greenfield Bank, ubi supra,* the proof appears to have stood to be corrected on the adjustment of the equities between the parties. In *Bemis* v. *Smith, ubi supra,* where the creditor was allowed to use the debt in set-off, the master had refused to order the proof to be expunged, and a dividend had been declared on the debt.

When a creditor, who holds security which comes within the terms of the statute, inadvertently and by mistake, either of law or fact, proves his whole debt without disclosing his security, and, before he has derived any advantage or the other creditors have suffered any detriment from his acts, takes proper measures to waive and abandon his proof, and to pursue his rights as a secured creditor according to law, we do not think that he thereby

waives or forfeits his security, or that the unsecured creditors thereby acquire an equitable right to it, which can be enforced by the assignee. See *Re Hubbard*, 1 Lowell, 190; *Ex parte Harwood*, Crabbe, 496; *In re Jaycox*, 8 Nat. Bankr. Reg. 241; *In re Clark*, 5 Nat. Bankr. Reg. 255.

   *Bill of assignee dismissed. Petition of creditor allowed.*