IN RE, LAURISTON D. BURGESS, appellant from decree of Court of Insolvency, estate of SHERIDAN F. IRELAND, INSOLVENT.

Penobscot.　　Opinion April 8, 1891.

*Insolvency.　Provable Debts.　Retiring Partner.　Amendment of Proof of Debt.
R. S., c. 70, § 25.*

Where a partner sells his interest in the partnership property to his co-partner, who agrees as a part of the consideration of purchase to pay the partnership

debts and hold his partner harmless therefrom, and such partner in good faith afterwards pays a debt of the firm to save his own credit, he may prove the payment as an individual claim of his own against the private estate of the co-partner, who after such payment has gone into insolvency.

A creditor who has, by mistake of either fact or law, proved a debt against a partnership estate, when more properly provable against the private estate of one of the partners, may be allowed in the discretion of the court to withdraw his proof from the proceedings in the one estate and present it against the other.

ON EXCEPTIONS.

This was a proceeding in insolvency in the estate of Sheridan F. Ireland, adjudged an insolvent, individually and as member of the firm, Burgess & Ireland, by the Court of Insolvency for Penobscot County, on his petition filed October 19, 1887. The case comes into this court by bill of exceptions to the rulings, and orders of the presiding justice, filed thereto by Haynes, Pillsbury & Company, and other creditors, who objected to the plaintiff's right to withdraw his proof of debt which had been allowed as a claim against the firm, Burgess & Ireland, consisting of the plaintiff and the insolvent, and having the debt allowed against Ireland's individual estate. The exceptions were certified to the full court under R. S., c. 70, § 13.

The principal facts are disclosed by the following extracts from the appellant's petition in the Court of Insolvency : "That in the month of April, 1887, he dissolved partnership with said Ireland, under an agreement then made by which he, the said Ireland assumed and agreed to pay all the debts, &c., of the said partnership; and said Ireland then and there received all the assets of said firm; that said Ireland thereafter conducted business on his own account until about the 20th of June, following, when he suspended payment owing debts both individually and as a member of said firm; that on the 16th of August, Bacon & Company, of Boston, were creditors of said firm in the amount of $532.58, and of Ireland, individually, in the sum of $49.13, and that on that day the appellant was compelled to pay said firm debt, and procured the same to be assigned to himself to his own use and benefit, being now the sole owner thereof; that said debt was proved as a partnership debt in the insolvency proceedings of said Ireland in the name of Bacon &

Company, but alleging the assignment in the deposition for the proof of debt.   .   .   .   That said claim thus proved should be withdrawn and proved as an individual claim against said Ireland, as in the deposition herewith presented is more specifically stated. Dated November 15, 1888."

Haynes, Pillsbury & Company, intervened and having filed objections to the petition, a hearing was had thereon, March 28, 1889, in the Court of Insolvency which on May 9, 1889, made a decree ordering that "the claim as presented in the proof of debt, referred to in the foregoing petition, be and the same is hereby wholly rejected and disallowed."

From this decree an appeal was taken to the next term of the Supreme Judicial Court, where, after hearing, the presiding justice ordered that the decree of the Court of Insolvency be reversed, and the appellant allowed to prove his claim, the partnership debt; finding as a fact that the appellant had paid it to Bacon & Company; and ruling that it could be proved as a claim for money paid under said agreement of Ireland to pay the partnership debts of Burgess & Ireland.

To this order and ruling the objecting creditors filed exceptions.

*Barker, Vose and Barker*, for objecting creditors.

The claim having been once allowed and not withdrawn, expunged or reconsidered, the decree of disallowance was not responsive to the petition, was without foundation; a nullity, and should be dismissed by this court.   This is not an objection to the allowance of a claim, as in *Tibbetts* v. *Trafton*, 80 Maine, 264.   Burgess' claim stands proved and allowed.   Shall there be two proofs of the same claim against the same estate?

Under the contract between Burgess and Ireland, upon the dissolution of the firm, Burgess' claim must be for damages for breach of the contract, and not for money paid.   *Morton* v. *Richards*, 13 Gray, 17.   The damages must be assessed; agreement applies to all the partnership debts and not a particular debt.   There has been no accounting between the partners.   *Fernald* v. *Johnson*, 71 Maine, 439; R. S., c. 70, § 25; *In Re, Clough*, 2 B. R. 59.

*Charles Hamlin*, for appellant.

PETERS, C. J.   The court is of the opinion that the ruling at the trial of this case was correct.

One partner sells his interest in the partnership property to his co-partner, the latter promising as a part of the transaction to pay the partnership debts.   This promise constitutes a direct and personal obligation of the one to the other.   If the retiring partner pay a debt which his late associate agreed to hold him harmless of, he immediately has a claim against the latter for money paid.   He can at once bring suit upon the claim.   We do not feel the force of the argument that the action must be special on the contract of indemnity, and not maintainable until all the partnership debts have been paid.   There may or may not be other defaults, and if there are it may be difficult to anticipate whether they will occur or not, and long periods may lapse between defaults.   Such a remedy might turn out to be a very inadequate indemnity.   We think that as often as money is paid on distinct and independent debts by the retiring partner, on account of default of payment by the other partner, suits are maintainable therefor in the common form of action for money paid.   *Fay* v. *Guinon*, 131 Mass. 31; *Stevens* v. *Record*, 56 Maine, 488.

It follows, we think, that such a claim may be presented against the private estate of the defaulting partner, if his estate be in process of settlement in insolvency, provided that when the partners contracted between themselves, no conspiracy or wrongful intention existed in relation to such estate.   A partner may contract in good faith with a co-partner as he may with any one else.

In the case before us, it appears that the partner, who pur-chased the property and business, sometime afterwards carried both the partnership estate and his own private estate into insolvency for settlement.   The other partner, present claimant, having been required, sometime prior to the insolvency, to pay a debt against the firm, took an assignment of it to himself, and had it proved for his benefit, in the name of the assignor, against

the partnership estate. This was an irregular proceeding. In law he could not take an assignment to himself of a claim against himself, although against himself and another. The act was payment of the debt, and the original creditor had no claim to be proved.

The claimant now asks that the proof of claim against the partnership estate be withdrawn, and he allowed to present his claim against the private estate of the debtor. *Re, Golder*, 2 Hask. p. 33. Judge Lowell, in the case of *In re Edward Hubbard, Junior*, 1 Low. 190, held that a creditor who has proved his debt in bankruptcy may be permitted to withdraw his proof, if it was made under a mistake of law or fact. Much more allowable should it be regarded when the first proof was improperly made. The case of *Ex parte Lake*, 2 Low. 543, substantially like the present, is favorable to the claimant's contention. We think it would be a matter of justice to allow the claimant to withdraw his claim in one form and present it in the other, as prayed for by him. The estate is in a condition not to suffer injury by the change, as no confusion of assets will be created thereby. Fraud is not suggested. The claimant paid the debt in good faith in August, 1887, and his partner did not go into insolvency until October afterwards.

The appellee cites *Morton* v. *Richards*, 13 Gray, 15, as inconsistent with the practice approved by Judge Lowell. It is to be noticed that that case was decided on the peculiar terms of the Massachusetts statute, not liberal enough to embrace a case like the present, though the court in the opinion intimate that it might have been better if the statute had not been limited as it was. Our statute is of much wider effect. By ch. 70, § 25, R. S., all debts due and payable from the debtor at the time of filing the petition for insolvency proceedings are provable. The Massachusetts case, therefore, fails of influence on the present question.

*Exceptions overruled.*

LIBBEY, VIRGIN, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.