*H. G. Nichols*, for the defendants.
*A. E. Pillsbury & G. M. Palmer*, for the plaintiff.

---

GEORGE PATTEE *vs.* DENNIS A. PAIGE & another.

Middlesex.    November 22, 1894. — April 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Insolvency of two Firms consisting in part of same Members — Non-resident Creditor — Discharge — Action.*

If two firms consisting in part of the same members are included in the same proceedings in insolvency, and a non-resident creditor holds a claim against each firm and proves against only one of them, and votes for assignee, and takes a dividend thereon, the granting of a discharge to the debtors will not debar him from subsequently maintaining an action upon the other claim.

CONTRACT, upon a promissory note for $808.91, dated September 16, 1887, signed by Paige and Gove, and made payable on demand to the order of the plaintiff. The case was submitted to the Superior Court, and, after judgment for the plaintiff, — execution to issue against the goods and estates of the defendants, but not against their bodies, — to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

The case was submitted on the briefs to all the judges.

*G. A. Blaney & S. Robinson,* for the defendants.

*F. H. Williams & F. M. Copeland,* for the plaintiff.

ALLEN, J.   It is well settled and familiar that a non-resident creditor is not barred of his claim by a discharge in insolvency granted here, unless he has come in and submitted himself to the jurisdiction of the court.   *Phœnix National Bank* v. *Batcheller,* 151 Mass. 589.   If he thus comes in and proves his claim and takes a dividend, or if he accepts the sum offered under composition proceedings, he is held to have waived this right of objection.   *Murray* v. *Roberts,* 150 Mass. 353.   *Eustis* v. *Bolles,* 146 Mass. 413; *S. C.* 150 U. S. 361.

In the present case there were two firms, Paige and Gove, and Crosby, Paige and Gove.   The latter firm consisted of the members of the former firm with the addition of Crosby.   Both firms were included in the same proceedings in insolvency, and the plaintiff, a non-resident, held a claim against each firm.   He proved only the claim against Crosby, Paige, and Gove, and voted thereon for assignee and took a dividend therein.   It is not stated whether his vote affected the choice of assignee or not.   The question is, whether his claim against the other firm and its members is thereby barred, a discharge having been granted to the debtors.

No objection has been raised to the method of including both firms in the same proceedings in insolvency.   There was nothing beyond the facts already stated to show an intention on the part of the plaintiff to waive his right to pursue his present claim by an action at law.

The statutes do not in terms provide for a case where the same persons are members of more than one firm.   In England a practice grew up by which a commission in bankruptcy against several partners would include not only the individual members, but all minor partnerships existing amongst them as well, distinct accounts being kept.   Under this practice, a general order was passed by Lord Rosslyn, in 1794, that under a joint commission against a firm separate debts might be proved as of course, without filing a special petition for liberty to do so. 2 Christ. Bankr. (2d ed.) 31, 32.   And it was held that creditors of a minor firm consisting of some of the members of the larger

firm might in like manner prove their claims. *Ex parte Worthington*, 3 Madd. 26. But a creditor whose claim was against the firm and also against one or more of its members could not make double proof, even though the obligation was created by different instruments. *Ex parte Bevan*, 10 Ves. 107. Robson, Bankr. 726–728. This however was altered by the bankruptcy acts of 1861 and 1883, so that double proof might be made; and it was held that the fact that an individual partner had given security for the debt could not prevent the creditor from proving against the firm without giving up his security, the reason being that the joint and separate estates are considered in the administration of the property in bankruptcy as distinct estates. Robson, Bankr. 729–731, and cases cited.

In Massachusetts double proof is allowed, without any express statute authorizing it. *Roger Williams National Bank v. Hall*, 160 Mass. 171. And although the proceedings are joint, this is rather as a matter of convenience. It was held in England that the jurisdiction to supersede prior proceedings against one partner, upon the institution of proceedings which embraced the firm, was entirely discretionary, and would be determined by considerations of convenience. *Ex parte Rowlandson*, 1 Rose, 416. Robson, Bankr. 687. The practice in this country seems to have been the same. *In re Mitchell*, 3 Nat. Bankr. Reg. 441. *In re Stevens*, 5 Nat. Bankr. Reg. 112; *S. C.* 1 Sawyer, 397. And where one of the partners of a bankrupt firm was also a member of another firm which had a claim against the bankrupt firm, the claim was allowed to be proved, the two firms being regarded as distinct legal entities, capable of contracting with each other in equity. *In re Buckhause*, 10 Nat. Bankr. Reg. 206. In the present case, the transactions of the different firms were distinct, and for most purposes the estates are also considered as distinct. The plaintiff's claim against the defendants is not the same as that which he proved in insolvency. And we are of opinion that the waiver which is implied by his act of proving a claim against one of the partnerships does not extend to his claim against the other.

Merely proving the claim of itself signifies but little. A claim, after being proved and allowed, may be withdrawn by leave of court, and being so withdrawn no consequence follows

from the fact of its having been so proved. *Morse* v. *Lowell*, 7 Met. 152. *Safford* v. *Slade*, 11 Cush. 29. *Franklin County National Bank* v. *Greenfield Bank*, 138 Mass. 515, 526. *Nichols* v. *Smith*, 143 Mass. 455. In *Bemis* v. *Smith*, 10 Met. 194, it was held to be the right of a creditor, under the circumstances there shown, to withdraw his proof without leave of court, in order to use his claim by way of set-off.

The fact of a creditor's having voted for assignee, and even of having by his vote controlled the choice, settles nothing conclusively. After having done so, he may still by leave of court withdraw the claim so voted upon, in order to avail himself of advantages which he would lose if the proof stood. *Franklin County National Bank* v. *Greenfield Bank*, 138 Mass. 515. *Nichols* v. *Smith*, 143 Mass. 455.

The taking of a dividend by the plaintiff upon his claim against one firm ought not to affect his claim against the other firm. No decision has come to our notice where this question has been determined. We need not consider how it would be if both claims were against the same firm, or the same individual, and only one of them was proved; or if a creditor held two claims, one fiduciary and the other not, and only proved the latter. We limit ourselves to the question which is now presented. If two firms consisting in part of the same members are included in the same proceedings in insolvency, and a non-resident creditor holds a claim against each firm, and proves against only one of them, and votes for assignee and takes a dividend thereon, the granting of a discharge to the debtors will not debar him from subsequently maintaining an action upon the other claim.

For these reasons, in the opinion of a majority of the court, the entry must be,

*Judgment for the plaintiff affirmed.*