HANOVER S. NICKERSON *vs.* MAGGIE CHASE.

Somerset.     Opinion May 28, 1897.

*Mortgage.   Foreclosure.   Waiver.   R. S., c. 66, § 7.*

In an action of replevin, the plaintiff held a chattel mortgage given to him by the defendant's intestate, whose estate has been adjudged insolvent. He could have adopted either of three methods of procedure; first, by foreclosure; second, by proving the balance of his debt before the commissioners, after deducting the value of his security; and third, by a surrender or waiver of his security and proving his whole debt before the commissioners. The plaintiff chose the third method. He presented his whole claim to the commissioners on oath, declaring that it was justly due him, and that he had no security therefor.

*Held;* that by this procedure the plaintiff has waived and surrendered all his security. A creditor cannot receive a dividend or his whole claim and hold his security at the same time. By voluntarily proving his whole debt, the creditor necessarily waives his security.

*Held;* that in this case the proof of the whole debt was deliberate, and on oath that the creditor held no security. In such cases the court proceeds upon equitable principles long since established.

On Report.

The case appears in the opinion.

*E. F. Webb*, for plaintiff.

*F. W. Hovey*, for defendant.

Sitting : Peters, C. J., Walton, Foster, Haskell, White-house, Strout, JJ.

Haskell, J. Assuming that the plaintiff in replevin held a mortgage, either legal or equitable, upon the chattels of the intestate to secure liabilities incurred for him in his lifetime, three methods of procedure were open to the mortgagee when the estate was adjudged insolvent.

I. He might foreclose his mortgage and look to his security.

II. He might prove the balance of his debt before the commissioners, after deducting the value of his security to be ascertained by the methods provided by statute. R. S., c. 66, § 7.

III. He might surrender or waive his security and prove his whole debt before the commissioners.

In this case the third method was chosen. The plaintiff in replevin presented his whole claim to the commissioners on oath, declaring that it was justly due him, and that he had no security therefor. The commissioners allowed and reported his whole claim to the probate court and their report was there accepted. By this procedure all security was waived and surrendered, for the creditor could not receive a dividend on his whole claim and hold his security as well. So long as he retains the security he cannot prove his whole debt. If he voluntarily proves his whole debt, he thereby necessarily waives his security; but waiver arises from the voluntary act of the creditor. The commissioners, of their own motion, could not allow the whole debt and thereby work a waiver of the security in favor of all the creditors. In such case the error

could be corrected. But, in the case at bar, the proof of the whole debt was deliberate, and on oath that the creditor held no security. In these cases " the court proceeds upon equitable principles long since established." *Amory* v. *Francis*, 16 Mass. 308; *Hooker* v. *Olmstead*, 6 Pick. 480; *Towle* v. *Bannister*, 16 Pick. 255; *Trustee, etc.*, v. *Cronin*, 4 Allen, 141; *Farnum* v. *Boutelle*, 13 Met. 159; *Franklin County Nat. Bk.* v. *First Nat. Bank of Greenfield*, 138 Mass. 515–522; *Nichols* v. *Smith*, 143 Mass. 455.

The plaintiff's title having failed, his action of replevin must fail and a return should be ordered.

*Judgment for defendant in replevin with return.*